MEMORANDUM **
Jim Psenak appeals pro se from the district court’s summary judgment in his 42 U.S.C. § 1983 action claiming that a state employee improperly added certain data points to a ground survey of an abandoned mine. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the grant of summary judgment, and may affirm on any basis supported by the record. Burrell v. McIlroy, 464 F.3d 853, 855 (9th Cir.2006). We affirm.
Psenak alleged that Allely altered data, resulting in the termination of Psenak’s contract, and that the altered data was relied upon, to Psenak’s disadvantage, in administrative and judicial proceedings. Psenak is precluded from relitigating this issue. The alteration of the data was addressed in administrative proceedings, the accuracy of the surveys was essential to the adjudication of the contractual dispute between Psenak and the State, the Alaska courts affirmed these administrative adjudications and issued final judgments, and Allely, a State employee, was in privity with a party. See Johnson v. Alaska State Dep’t of Fish & Game, 836 P.2d 896, 906-07 (Alaska 1991) (setting forth requirements for the application of issue preclusion under Alaska law, including preclusive effect of administrative adjudications that comply with due process). Further, we agree with the district court that Psenak received due process in these extensive state proceedings.
Psenak’s remaining contentions are not persuasive.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.